**HINKLE LAW FIRM LLC**
301 North Main, Suite 2000
Wichita, Kansas 67202
(316) 267-2000

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WIHO, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> MATT HUBBAUER, <br><br> Defendant. | Case No.: 12-CV-1386-EFM-GLR <br><br> State Court Case No.: 12-CV-3065 |

## DEFENDANT'S NOTICE OF REMOVAL

NOTICE IS HEREBY GIVEN that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Matt Hubbauer, removes to this Court the state court action described below.

## INTRODUCTION

1. On September 4, 2012, the Plaintiff, WIHO, L.L.C. ("Wichita Thunder" or "Team"), commenced an action captioned *WIHO, L.L.C. v. Matt Hubbauer*, Case No. 12CV3065, in the District Court of Sedgwick County, Kansas (the "Action"). The Petition seeks damages of in excess of $75,000 and equitable relief based on the Defendant's alleged representations regarding his prior medical history upon entering into his employment with the Wichita Thunder on October 13, 2010. *See* Plaintiff's Petition, dated September 4, 2012.

2. The Defendant was personally served with process at his permanent residence of 1306-30B, Lake Crest Road, Winnipeg, Manitoba, Canada on September 14, 2012 at 5:00 p.m.

1

3. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon the Defendant in this action are attached hereto as Exhibit 1.

4. As explained herein, the Action is removable because there is original jurisdiction in this Court, as the claims arise under and are governed exclusively by federal labor law and diversity of citizenship exists. *See* 28 U.S.C. § 1441(a).

5. This Notice of Removal is timely because thirty (30) days have not expired since Defendant received a copy of the Summons and Petition on September 14, 2012. *See* 28 U.S.C. § 1446(b). Although the exact 30-day deadline for receipt of the Summons and Petition is Sunday, October 14, 2012, "if the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." *See* FRCP Rule 6(1)(c). Thus, the official 30-day deadline for Notice of Removal is Monday, October 16, 2012, making notice on this day timely.

6. The Defendant ("Hubbauer") reserves the right to assert any and all defenses to the allegations set forth in the Action. Moreover, Hubbauer does not admit any of the factual allegations in the Action and expressly reserves the right to contest those allegations at the appropriate time.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction on two separate and distinct basis.

8. *First,* this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. As explained herein, this case falls within the exclusive jurisdiction of the United States district courts pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 195.

9. *Second,* this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a). As explained herein, this case falls within the original jurisdiction of the United States district courts

based on diversity of citizenship. The matter in controversy exceeds the sum and value of $75,000 and is between a citizen of a State and a citizen of a foreign state. *See* Plaintiff's Petition, dated September 4, 2012.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the removed state court action has been pending.

## GROUNDS FOR REMOVAL

*The Collective Bargaining Agreement ("CBA") & Standard Player Agreement ("SPA")*

11. The Plaintiff, WIHO, L.L.C., is a Kansas limited liability company doing business in Kansas as the "Wichita Thunder." The Wichita Thunder is a professional ice hockey club and a member of the Central Hockey League ("CHL").

12. The rights, benefits, obligations and legal relations between the Wichita Thunder and the professional hockey players it employs is governed by the CBA entered into between (a) the Professional Hockey Players Association ("PHPA"), which is the sole and exclusive bargaining representative for the players in the CHL and (b) the Central Hockey League, which is the sole and exclusive bargaining representative for its Clubs, including the Wichita Thunder. *See* CBA, "Preamble." A copy of the CBA is attached hereto as Exhibit 2.

13. The CHL Standard Player Agreement ("SPA") between a Club and a Player, which is set forth in Addendum 1 of the CBA, is incorporated by reference into the CBA. *See* CBA, Article IV, Section 1.

14. The Defendant, Matt Hubbauer, is a professional ice hockey player, member of the PHPA, and former employee of the plaintiff, Wichita Thunder. The Defendant is from Canada, is

a citizen of Canada, and has his permanent residence in Canada. He entered into a CHL Standard Player Agreement with Wichita Thunder on October 13, 2010, a copy of which is attached hereto as Exhibit 3.

### *Arbitration Under the CBA and SPA*

15. The CBA and SPA contain two broad arbitration clauses.

16. *First*, CBA, Article XIX, Section 1 states:

Any Player dispute, controversy, claim or disagreement (1) arising out of or relating to the meaning of this Agreement, and/or (2) arising out of or relating to the Standard Player Agreement or addendum, if any, or any alleged breach thereof, shall be submitted to final and binding arbitration pursuant to the procedure set forth herein. Players' salaries are not subject to arbitration.

17. *Second*, just as in CBA, Article XIX, Section 1 requires final and binding arbitration of any dispute concerning the CHL Standard Player Agreement, the CHL Standard Player Agreement contains a complimentary arbitration at Paragraph 13:

Any dispute arising out of, or relating to, this Agreement or any breach hereof, will first be submitted to final and binding arbitration in accordance with the terms of the CBA. The results of such arbitration proceedings shall be binding upon the parties hereto, and judgment may be entered upon the arbitration award in any court having jurisdiction thereof…

18. Hence, any dispute concerning either the CBA or the CHL Standard Player Agreement must be submitted to arbitration.

19. Notwithstanding the clear terms of the CBA and the CHL Standard Player Agreement requiring arbitration of all claims related to the CBA or CHL Standard Player Agreement, the Wichita Thunder improperly filed this Action to enforce provisions of the CBA and their CHL Standard Player Agreement with the Defendant.

*The Action*

20. The Action is based on alleged representations made by the Defendant to the Team regarding his prior medical history upon entering into employment with the Wichita Thunder. The Team states that the Defendant sustained multiple concussions prior to his employment by the Team. The Team states that the Defendant concealed these material facts from the Team during his pre-employment physical, and that it relied on these false and fraudulent representations in employing the Defendant as one of its hockey players, all to the detriment of the Team. *See* Plaintiff's Petition, dated September 4, 2012.

21. The Action seeks a judgment against the Defendant for damages in excess of $75,000, for costs and such other and further relief as the state court deems just and equitable. *See* Plaintiff's Petition, dated September 4, 2012.

22. The Action is expressly tied to the CHL Standard Player Contract signed by the Defendant on October 13, 2010, as all oral or written statements, promises, or representations made by either party before or at the time of employment are superseded by the CHL Standard Player Agreement. Paragraph 14 of the CHL Standard Player Agreement states:

> This Agreement contains the entire agreement between the parties, superseding all prior and contemporaneous oral or written statements, promises, representations or agreements by either party, unless they are set forth in writing, signed by authorized representatives of the parties, attached to this Agreement, and filed in the CHL office…

23. Thus, the alleged representations made by the Defendant to the Team at the time of employment, which serve as the basis for this Action, are superseded and replaced by the terms and conditions of the CHL Standard Player Agreement.

24. Furthermore, although the Action is pleaded without referencing the CHL Standard Player Agreement or the CBA, the Team's claim is unquestionably a contract claim, founded upon the provisions of the CBA and the SPA. This case cannot be resolved without interpreting and applying the contractual language found in the CBA and SPA.

25. CBA, Article XXI, Section 2 states:

> All Players shall complete all medical forms as required by the Club. Players shall disclose on the medical forms, to the best of his knowledge and belief, accurate and complete medical information that could impair his performance…

26. Paragraph 5 of the CHL Standard Player Agreement states:

> PLAYER agrees to report at the time and place fixed by the TEAM and/or CHL in excellent physical and mental condition and to maintain this level of conditioning throughout the term of this Agreement.

27. The Action is predicated on the Defendant's alleged breach of the aforementioned provisions of the CBA and SPA. Resolution of the Team's claim against the Defendant will necessarily entail review and interpretation of CBA, Article XXI, Section 2 and Paragraph 5 of the CHL Standard Player Agreement. Such claim is in fact governed by the CBA and SPA and subject to the mandatory arbitration framework created in the CBA. No matter what pleading mechanism the Team employs in an attempt to avoid arbitration, the bottom line is that the Team's claim is entirely dependent on the CHL Standard Player Contract and the CBA, for which all disputes, controversies, claims, or disagreements must be arbitrated.

## ORIGINAL JURISDICTION UNDER THE LMRA

28. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in State court of which the district courts of the United States have original jurisdiction."

29. The Action is a suit by an employer against a member of a labor union to interpret and enforce provisions of a collective bargaining agreement governing the rights, duties, and obligations of the parties to this Action.

30. Pursuant to Section 301 of the LMRA, there is original jurisdiction in this Court for all "[s]uits for violation of contracts between an employer and a labor organization." The Supreme Court has held that "Section 301 governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective bargaining agreement." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (citation omitted).

31. Federal subject matter jurisdiction exists under Section 301 even where the union is not a party, and the litigation is between the employer and a member of the union. *See Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976).

32. Here, the Team's suit against the Defendant is indisputably one subject to jurisdiction under Section 301. The Team seeks damages and equitable relief based on an alleged breach of the CBA and the CHL Standard Player Agreement. The CHL Standard Player Agreement is part of the CBA and is governed by the CBA, and all disputes concerning the CHL Standard Player Agreement must be resolved exclusively by arbitration under Article XIX of the CBA, and hence, the Team's suit is one under Section 301. A suit by an employer against a union member for allegedly violating the operative collective bargaining agreement "is the kind of case Congress provided for in § 301, *see Hines*, 424 U.S. at 562, and hence, there is original jurisdiction in this Court under 28 U.S.C. § 1331 and this case is therefore removable under 28 U.S.C. § 1446(a).

33. Moreover, the claims asserted in the Action are plainly subject to arbitration under CBA, Article XIX, Section 1 and Paragraph 13 of the CHL Standard Player Agreement. Because

the claims in the Action must be resolved exclusively through arbitration under the CBA, original jurisdiction to compel arbitration also exists under Section 301. *See Hines*, 424 U.S. at 562 ("Collective bargaining contracts, however, generally contain procedures for the settlement of disputes through mutual discussion and arbitration. These provisions are among those which are to be enforced under § 301").

34. The claims asserted by the Team against the Defendant are (1) founded upon provisions of the CBA and SPA for which there is original jurisdiction in this Court under Section 301, and (2) must be arbitrated under the CBA and SPA.

## ORIGINAL JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

35. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in State court of which the district courts of the United States have original jurisdiction."

36. Pursuant to 28 U.S.C. § 1332(a), this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (2) citizens of a State and citizens or subjects of a foreign state…"

37. This Court has original jurisdiction under 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum and value of $75,000 and is between a citizen of a State and citizen or subject of a foreign state. *See* Plaintiff's Petition, dated September 4, 2012.

38. Satisfying the "amount in controversy" requirement, the Action brought by the Plaintiff seeks a judgment against the Defendant for damages in excess of $75,000, for costs and such other and further relief as the state court deems just and equitable. *See* Plaintiff's Petition, dated September 4, 2012.

39. Satisfying the "diversity of citizenship" requirement, the matter in controversy is between a citizen of a State (Plaintiff) and citizen or subject of a foreign state (Defendant).

40. The Plaintiff, WIHO, L.L.C., is a Kansas limited liability company doing business in Kansas as the "Wichita Thunder." *See* Plaintiff's Petition, dated September 4, 2012. For purposes of 28 U.S.C. §§ 1332(c) and 1441, the Plaintiff would be considered a citizen of Kansas.

41. The Defendant, Matt Hubbauer, permanently resides at 1306-30B, Lake Crest Road, Winnipeg, Manitoba, Canada. He has been domiciled there since 2008. For purposes of 28 U.S.C. §§ 1332(c) and 1441, the Defendant would be considered a citizen of Canada, the foreign state where he is domiciled.

## CONCLUSION AND REQUESTED RELIEF

For the reasons stated above, the Defendant, Matt Hubbauer, respectfully requests that this Court proceed with this matter as if it had been originally filed in this Court.

Respectfully submitted,

HINKLE LAW FIRM LLC

By /s/ Gregory S. Young
Gregory S. Young, #17139
Brian L. White, #20767
301 North Main, Suite 2000
Wichita, Kansas 67202
Tel.: (316) 267-2000
Fax: (316) 264-1556
gyoung@hinklaw.com
bwhite@hinklaw.com
**Attorney for Defendant**
**Matt Hubbauer**

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on the 15th day of October, 2012, the above and foregoing was electronically filed with the Clerk of the United States District Court, District of Kansas, at ksd_clerks_wichita@ksd.uscourts.gov, and a true and correct copy of the above and foregoing was sent by e-mail and by United States mail, first-class postage prepaid and properly addressed to:

>Alexander B. Mitchell, II
>5838 W. 21st Street North, Suite 100
>Wichita, Kansas 67205
>**Attorneys for Plaintiff**

>By /s/ Gregory S. Young
>Gregory S. Young – #17139