# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| | **)** | |
| | **)** | |
| **WIHO, LLC,** | **)** | |
| | **)** | |
| Plaintiff, | **)** | |
| | **)** | |
| v. | **)** | **Case No. 12-CV-1386-EFM-GLR** |
| | **)** | |
| **MATT HUBBAUER,** | **)** | |
| | **)** | |
| Defendant. | **)** | |
| | **)** | |
| | **)** | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Protective Order (ECF 24).

Defendant Matt Hubbauer seeks an Order from the Court protecting Defendant from being

required to appear in person in Wichita, Kansas for his deposition. For the reasons set forth

below, the Court finds that the motion should be granted.

On September 4, 2012, Plaintiff commenced an action in the District Court of Sedgwick

County, Kansas, that was subsequently removed to this Court. On October 1, 2013, Plaintiff

filed a Notice of Deposition (ECF 22), setting Defendant's deposition for November 27, 2013,[1]

and noticing the deposition to take place at Hinkle Law Firm's office in Wichita, Kansas.

Although the party setting the deposition is allowed under Fed. R. Civ. P. 30 to initially

set the place for the deposition, the location is subject to court-modification through a protective

---

[1]Defendant states that the parties have discussed the fact that this date is the day before Thanksgiving, and that they will likely agree to change the date after the Court rules on the location of the deposition. The Court notes that Defendant objects to the current date, and will address this issue if the parties are unable to agree on an alternate date.

order under Fed. R. Civ. P. 26(c).[2]  Rule 26(c)(1) provides that "[a] party . . . may move for a protective order . . . to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (B) specifying terms, including time and place, for the disclosure or discovery . . .."[3]  Defendant must show good cause for a protective order.[4]

There is an initial presumption that a defendant should be examined at his residence or the principal place of business.[5]  "The presumption is based on the fact that it is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum, while the defendant is not before the court by choice."[6]  Given the presumption, it typically is not difficult for a party to establish good cause, however, the party noticing the deposition may overcome the presumption by showing that "factors of cost, convenience, and efficiency weigh in favor of a different location."[7]

Defendant is a citizen and resident of Canada.  He currently resides in Winnipeg, Manitoba, Canada.  Defendant is currently taking a full course load at The University of

---

[2]*Citimortgage v. Sanders*, No. 11-CV-2540-EFM-GLR, 2012 WL 6024641, at *2 (D. Kan. Dec. 4, 2012).

[3]Fed. R. Civ. P. 26(c)(1)(B).

[4]*Citimortgage*, 2012 WL 6024641, at *2 (citing *Lane Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010)).

[5]*See Citimortgage*, 2012 WL 6024641, at *2 (noting the general rule that the "initial presumption [is] that a defendant should be examined at his residence or the principal place of business," and stating that the court may determine the proper location for the deposition from the facts and equities of the case then before it) (quoting *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 644 (D. Kan. 1999)).

[6]*Cohen-Esrey Real Estate Servs., Inc. v. Twin City Fire Ins. Co.*, Case No. 08-2527-KHV-DJW, 2009 WL 4571845, at *2 (D. Kan. Dec. 3, 2009) (citation omitted).

[7]*Id.* (citations omitted).

Manitoba, which includes five (5) courses that have three (3) associated lab times per week. Defendant's course work typically requires Defendant to be present on the University campus from 8:30 a.m. to 4 p.m., Monday through Friday. Defendant is also working part-time assisting at the hockey training school in the evenings, approximately 8 to 12 hours per week. He has no other current income to pay for travel to the United States. Defendant argues that given the demand of his current course load and part-time work schedule, travel to the United States would create a significant burden upon him, both academically and financially.

Plaintiff responds by alleging that Defendant sought employment with Plaintiff in Wichita, Kansas, and that Defendant received in excess of $43,000 pursuant to a workers compensation award and therefore should have sufficient resources to travel to Wichita. Plaintiff also argues that flying Defendant's counsel to Canada would cost more than having Defendant fly to Wichita. Plaintiff's arguments do not address Defendant's other arguments, however, regarding missing school and work. Defendant anticipates that the deposition may only take a half day to conduct, but will require two, and possibly three, full days of travel.

Plaintiff has not met its burden of overcoming the presumption that a defendant should be examined at his residence. Based on the facts and equities of the case, the Court finds that Defendant should not be required to travel to Kansas for his deposition. Plaintiff will either need to travel to Winnipeg, Manitoba, Canada, or some other mutually agreeable location, or conduct the deposition via videoconference. Fed. R. Civ. P. 30(b)(4) clearly permits the taking of depositions by telephone or "other remote means," "which the Court construes to include depositions by videoconference."[8] Conducting the depositions by videoconference addresses the

---

[8] *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 601 (D. Kan. 2012).

concerns associated with telephonic depositions, such as depriving the opposing party of the

opportunity for face-to-face confrontation or the opportunity to evaluate the deponent's

nonverbal responses and demeanor.[9]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for

Protective Order (ECF 24) is **GRANTED.**

Dated this 14th day of November, 2013.


S/Gerald L. Rushfelt
Gerald L. Rushfelt
U. S. Magistrate Judge

---

[9]*Id.* at 602.